IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ZANE and LEAH HEDGER, )
Individually, and as Parents and Next )
of Kin of J.R.H., deceased and S.H., )
a minor, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
vs. ) NO. CIV-13-0654-HE
　　　　　　　　　　　　　　　　　　)
TRACI D. KRAMER, an individual, )
*et al.*, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## ORDER

　　　　Zane and Leah Hedger filed this action in state court alleging claims arising out of the death of J.R.H., their infant son. They sued on their own behalf and as parents of J.R.H. and S.H., another minor child. After the case was removed, the court dismissed plaintiffs' claims against several defendants and defendant Traci Kramer's counterclaims against Zane and Leah Hedger, but gave the parties leave to amend. Plaintiffs filed a First and then Second Amended Complaint ("complaint"), which all defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1]

　　　　When considering whether a plaintiff's claims should be dismissed under

---

[1]*Plaintiffs initially sued Kevin Kramer, but did not assert claims against him in their Second Amended Complaint. Defendant Traci Kramer did not reassert counterclaims against the Hedgers. Ms. Kramer, in addition to filing a motion to a dismiss, filed an answer. She states that, due to a scheduling error, her motion to dismiss was late and plaintiffs "have requested the specific relief that Defendant Kramer file her Answer by a date certain." [Doc. #60, p. 5 n.2]. Ms. Kramer says she "will file such specific pleading" if required by the court. Id. Plaintiffs ask the court to strike Ms. Kramer's motion to dismiss as being untimely and filed without permission. As the asserted delay in filing was not egregious, the motion will be considered on its merits rather than stricken. Ms. Kramer may file an amended answer within 14 days.*

Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). As explained by the Tenth Circuit, the new Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated it will not do." *Id.* at 640-41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir.2012)). "'Rule 8(a)(2) still lives'" and under it "'specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* at 641 (quoting Khalik, 671 F.3d at 1191-92). Context determines the "'nature and specificity of the allegations required to state a plausible claim.'" *Id. (*quoting Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir.2011)).

    Considering plaintiffs' claims under this standard, the court concludes defendant Kramer's motion should be denied, the motions of defendants Leitch, the Oklahoma

Department of Human Services and the City of Edmond should be granted, and the motion of defendants Whitaker and Washington should be granted in part and denied in part.

Plaintiffs allege in their complaint that their infant son, J.R.H., died on March 9, 2011, due to two severe skull fractures. They assert they placed J.R.H. in defendant Traci Kramer's care between approximately 8 a.m. and 3:00 p.m. on March 8, 2011, and that later that day the Edmond Police Department received a 911 call regarding an unconscious male child at Kramer's home. Defendant Misty Leitch, a detective with the Edmond Police Department, was dispatched to the residence and was assigned to investigate the case. At some point on March 8, Detective Leitch, together with defendant Julie Whitaker, a social worker with the Oklahoma Department of Human Services ("DHS"), went to OU Medical Center and interviewed Dr. Christine Allen, the treating physician for J.R.H., and a hospital social worker regarding J.R.H.'s injuries. Plaintiffs claim Dr. Allen informed Leitch and Whitaker that the skull fractures occurred when J.R.H. was under defendant Kramer's exclusive care and were not caused by plaintiffs. Ms. Whitaker allegedly told her supervisor, Tamara Washington, what Dr. Allen had said. Nonetheless, DHS removed plaintiff's other son, S.H., from their custody on March 8, 2011, and he was placed in foster care. Plaintiffs allege that the next day a reliable, independent source informed defendants Whitaker and Washington that another physician, Dr. Stuemky, shared Dr. Allen's opinion regarding when J.R.H. sustained the skull fractures, but neither they nor Leitch interviewed him.

Plaintiffs assert that defendants Whitaker and Washington subsequently, without having contacted Dr. Stuemky, submitted a report on March 15, 2011, to the District

3

Attorney that did not include Dr. Allen's opinion. Plaintiffs allege the report also falsely stated that the Medical Examiner had determined that the skull fracture appeared to be an older injury, when his report did not include such a finding. Plaintiffs claim that, based on the exculpatory information that was not in the report and the false information that was included, the Oklahoma County District Attorney filed a petition in state court alleging that plaintiffs' son S.H. was deprived and seeking to terminate plaintiffs' parental rights. They also claim that the same omission and false information resulted in DHS retaining custody of S.H.

Plaintiffs allege that a different DHS employee, relying on the same information that was available to defendants Whitaker and Washington on March 15, 2011, recommended in a report on July 25, 2011, that the deprived child proceeding be dismissed and that S.H. be returned to his parents' custody. The case was dismissed the following day and S.H., who was five years old at the time, was returned to his parents' custody.

Plaintiffs assert a negligence/wrongful death claim against defendant Kramer. They assert claims under §1983 against defendants Leitch, Whitaker and Washington on behalf of themselves and S.H. Plaintiffs also assert a <u>Bosh</u>[2] claim against Leitch, Whitaker and Washington, based on Art. 2, § 30 of the Oklahoma Constitution and allege these defendants "acted in concert" and violated Oklahoma common law. Plaintiffs' remaining <u>Bosh</u> claims are based on the asserted vicarious liability of the City of Edmond and the State of Oklahoma

---

[2]<u>Bosh v. Cherokee Cnty, Bldg. Auth.</u>, 305 P.3d 994 (Okla. 2013).

for the individual defendants' alleged violations of plaintiffs' rights under the Oklahoma Constitution.

Motion of Traci D. Kramer

Defendant Kramer contends plaintiffs have failed to state a wrongful death claim against her because the complaint fails to include enough factual information to satisfy the Twombly pleading standard. While not overly detailed, plaintiffs' allegations are sufficient to allow them to pursue the claim. Defendant Kramer's motion to dismiss will therefore be denied.

Motion of Misty Leitch

Although not entirely clear, it appears plaintiffs have alleged against defendant Leitch a Fourteenth Amendment substantive due process claim, a Fourteenth Amendment procedural due process claim based on asserted unconstitutional conduct that resulted in the filing of the deprived child proceeding, a Fourth Amendment malicious prosecution claim,[3] a § 1983 conspiracy claim, a Bosch claim and a state law malicious prosecution claim. On behalf of S.H., plaintiffs have alleged a Fourteenth Amendment substantive due process claim and a Fourth Amendment claim. Defendant Leitch argues that plaintiffs have failed to plead an actionable claim against her and that she is entitled to qualified immunity.

The court agrees that plaintiffs have not alleged sufficient facts to demonstrate that

---

[3]*The court will refer to plaintiff's § 1983 claim as one for "malicious prosecution," recognizing, though, that "Plaintiff[s'] actual cause of action is for a constitutional violation under § 1983; the common law tort of malicious prosecution is relevant only as an analogy that is helpful in structuring the legal analysis." Mondragon v. Thompson, 519 F.3d 1078, 1084 n.7 (10th Cir. 2008) (internal quotations omitted).*

5

defendant Leitch violated their or S.H.'s constitutional or state law rights. As defendant Leitch asserts, the conduct that might form a basis for the claims asserted against her is attributed in the complaint to defendants Whitaker and Washington.[4] Plaintiffs fail to detail what it is that Leitch, rather than Whitaker and Washington, did or did not do. Therefore defendant Leitch's motion will be granted and plaintiffs' claims against her, with the exception of their <u>Bosh</u> claim, will be dismissed without prejudice.

All plaintiffs' claims asserted under Art. 2, § 30 of the Oklahoma Constitution against all defendants will be dismissed with prejudice as the court again concludes <u>Bosh</u> should be narrowly interpreted and applied only to excessive force claims, which have not been asserted here. *See* Doc. #33, October 30, 2013, Order, pp. 8-9. While plaintiffs refer to "excessive and or unreasonable force" in their complaint, they do not allege any facts pertaining to the force actually used in the removal of S.H. from his parents' custody. The vague reference to "excessive force" is not sufficient to bring plaintiffs' state constitutional claim within the scope of <u>Bosh</u>, as that case has been interpreted by this court.[5]

---

[4]*There is an allegation that defendant Leitch, along with defendants Whitaker and Washington, failed "to fully inform the Oklahoma County District Attorney and Oklahoma County District Court of material issues concerning the abuse of J.R.H. by withholding the exculpatory evidence and making false reports of medical evidence as outlined above." Doc. #44, pp. 7-8, ¶15(d). However, plaintiffs allege that Whitaker and Washington prepared the report and it is not clear from the complaint that plaintiffs are asserting, as they do in their response brief, that defendant Leitch "failed to disclose any exculpatory evidence in her court testimony." Doc. #51, p. 3.*

[5]*The court assumes that if excessive force had, in fact, been used in removing S.H. from plaintiffs' home and custody, plaintiffs would have pleaded facts to that effect in their complaint.*

6

Because plaintiffs will be given one final opportunity to amend their complaint, the court also notes the following. To the extent plaintiffs attempt to base defendant Leitch's liability on her involvement in a conspiracy with defendants Whitaker and Washington, the allegations fall far short of what is required to allege a conspiracy. *See* Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."). Plaintiffs' assertion in their response brief that "Defendant Leitch's participation in this scheme is evidenced by the fact that she failed to disclose any exculpatory evidence in her court testimony," Doc. #51, p. 3, without more is not enough to show the required agreement and concerted action.[6]

Insofar as plaintiffs are basing their Fourteenth Amendment due process claim on alleged illegal conduct that resulted in the filing of the deprived child proceeding, their claim fails as a matter of law. Because Oklahoma law provides "an adequate post-deprivation remedy" in the form of a state tort claim for malicious prosecution, the requirements of federal due process concerns are satisfied. Myers v. Koopman, 738 F.3d 1190, 1193 (10th Cir. 2013), *petition for cert. filed*, (U.S. March 19, 2014). Plaintiffs are not precluded, though, from asserting a § 1983 malicious prosecution claim under the Fourth Amendment,

---

[6]*In their response briefs plaintiffs refer to facts that may have been pleaded in a prior version of their complaint, but were not included in their Second Amended Complaint, such as the assertion that Leitch and Whitaker interviewed two physicians, instead of just one, at the hospital, that "[a]ll 3 witnesses told Leitch and Whitaker that J.R.H.'s injuries occurred while he was in the exclusive control of defendant Traci Kramer," when they refer only to statements by Dr. Allen in their Second Amended Complaint, and that defendant Leitch allegedly "failed to disclose any exculpatory evidence" in some unidentified court proceeding. Doc. #51, pp. 2,3. The court cannot consider allegations in a prior pleading or brief in determining the sufficiency of a complaint.*

assuming a factual basis for such claim against defendant Leitch exists. *See id.* at 1194-95.[7]

Motion of Julie Whitaker and Tamara Washington

Plaintiffs's claims against defendants Whitaker and Washington are the same as those they assert against defendant Leitch: a Fourteenth Amendment substantive due process claim, a Fourteenth Amendment procedural due process claim based on asserted unconstitutional conduct that resulted in the filing of the deprived child proceeding, a Fourth Amendment malicious prosecution claim, a § 1983 conspiracy claim, a Bosch claim and a state law malicious prosecution claim. On behalf of S.H., plaintiffs have alleged a Fourteenth Amendment substantive due process claim and a Fourth Amendment claim. The DHS employees claim the allegations are factually deficient and that they are entitled to qualified immunity with respect to plaintiffs' § 1983 claims.

Unlike their allegations against Leitch, plaintiffs have made specific factual allegations against defendants Whitaker and Washington which, the court concludes, suffice to state Fourteenth Amendment substantive due process and Fourth Amendment malicious prosecution claims on plaintiffs' own behalf against Whitaker and Washington, and a Fourteenth Amendment substantive due process claim and Fourth Amendment wrongful seizure claim on behalf of S.H. against the two DHS employees. Plaintiffs also have successfully alleged a state law malicious prosecution claim against Whitaker and Washington.

---

[7]*Because of the court's conclusion that plaintiffs have failed to assert sufficient facts to state claims against defendant Leitch, it has not considered her qualified immunity defense.*

8

Plaintiffs' Fourteenth Amendment procedural due process claim based on asserted unconstitutional conduct that resulted in the filing of the deprived child proceeding, their §1983 conspiracy claim and their <u>Bosh</u> claim fail for the reasons stated during the discussion of plaintiffs' claims against defendant Leitch. That leaves plaintiffs' state law malicious prosecution claim and the three § 1983 claims – Fourteenth Amendment substantive due process, Fourth Amendment malicious prosecution and S.H.'s Fourth Amendment wrongful seizure claim.

Whitaker and Washington challenge the state law malicious prosecution claim, arguing that the actions plaintiffs complain of "were undertaken by [them] merely as witnesses in the juvenile court proceedings at issue." Doc. #49, p.16. Defendants ignore the assertions in the complaint that the report they prepared and submitted to the Oklahoma County District Attorney, which allegedly excluded exculpatory information, but included false information, was the basis for the deprived child proceeding that was filed. Plaintiffs' allegations are sufficient to survive a motion to dismiss as to this claim.

As for the remaining § 1983 claims, as the court has concluded plaintiffs have included sufficient facts in their complaint to satisfy <u>Twombly</u>'s pleading requirements, the court must now consider whether defendants Whitaker and Washington are entitled to qualified immunity. The doctrine of qualified immunity is well established. It "'protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Dodds v. Richardson,</u> 614 F.3d 1185, 1191 (10th Cir. 2010) (quoting

9

Pearson v. Callahan, 555 U.S. 223, 231 (2009)).  As defendants have asserted the defense, the plaintiffs "bear[] the burden of satisfying a 'strict two-part test.'"  *Id*. (quoting McBeth v. Himes, 598 F.3d 708, 716 (10th Cir.2010)).  They "'must establish (1) that the defendant[s] violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant[s'] conduct....'"  *Id.* (quoting McBeth, 598 F.3d at 716).  Because plaintiffs have sufficiently alleged violations of their constitutional rights, the question becomes whether those rights were clearly established at the time of the alleged wrongful conduct.  "A right is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as [the] plaintiff maintains."  PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1196-97 (10th Cir. 2010) (internal quotations omitted).  There is no need to belabor the issue as all three rights that underlie plaintiffs' § 1983 claims have been acknowledged by the Tenth Circuit.

In 1993, the Tenth Circuit "first recognized the existence of a right to familial association within the substantive rights protected by the Due Process Clause," *Id.* at 1199, and as early as 1997, that "[t]he forced separation of parent from child, even for a short time, represents a serious impingement upon both the parents' and child's right." J.B. v. Washington County, 127 F.3d 919, 925 (10th Cir.1997) (internal quotations omitted).[8]  In

---

[8]*The court recognizes that defendants Whitaker and Washington did not address all plaintiffs' claims in their motion. However, because plaintiffs' claims were not pleaded with utmost clarity, the court will assume defendants did challenge each claim.*

J.B. the court also concluded that the temporary removal of a child from her home by county officials was a seizure which implicated the child's own Fourth Amendment rights." *Id.* at 928. Finally, in Pierce v. Gilchirst, 359 F.3d 1279 (10th Cir. 2004), the Tenth Circuit held that a § 1983 malicious prosecution claim could be pursued against a "police forensic analyst who prevaricates and distorts evidence to convince the prosecuting authorities to press charges." *Id.* at 1293. These cases provided officials in defendants' positions with the "'fair warning'" required before a state official is stripped of the shield of qualified immunity. The motion to dismiss of defendants Washington and Whitaker will therefore be denied as to plaintiffs' common law and § 1983 malicious prosecution claims, the Fourth Amendment claim they assert on behalf of S.H., and the Fourteenth Amendment substantive due process claims they assert on behalf of themselves and S.H.

Motions of the City of Edmond and DHS

The only claims asserted against DHS and the City of Edmond are based on Art. 2, § 30 of the Oklahoma Constitution. For reasons stated earlier, plaintiffs' Bosh claims against the City of Edmond and DHS will be dismissed with prejudice. Although plaintiffs ask the court, if it grants the City and DHS's motions, to certify the question of Bosh's reach to the Oklahoma Supreme Court., the court declines to do so.

Conclusion

For the reasons stated, the motion to dismiss of defendant Kramer [Doc. #50] is **DENIED** and the motion of defendant Leitch [Doc. #47] is **GRANTED**. Plaintiffs' claims against defendant Leitch are dismissed without prejudice, except for their Fourteenth

11

Amendment due process claim and their <u>Bosh</u> claim, which are dismissed with prejudice. The motion of defendants Washington and Whitaker [Doc. #49] is **GRANTED IN PART** and **DENIED IN PART**. The claims that are dismissed are dismissed without prejudice, except for plaintiffs' Fourteenth Amendment due process claim and their <u>Bosh</u> claim, which are dismissed with prejudice. The motions of the Oklahoma Department of Human Services and the City of Edmond [Doc. Nos. 48, 46] are **GRANTED** and plaintiffs' claims against them, based on <u>Bosh</u>, are dismissed with prejudice.

Plaintiffs will be given one final opportunity to amend their complaint if the defects can be corrected, but only as to claims that are dismissed without prejudice. Any amended complaint must be filed within **seven (7) days**.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE