# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ZANE and LEAH HEDGER, Individually, and as Parents and Next of Kin of J.R.H., deceased and S.H., a minor, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) ) | NO. CIV-13-0654-HE |
| TRACI D. KRAMER, an individual, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This case is again before the court so it can enter a Fed.R.Civ.P. 54(b) certification that meets the requirements set forth in <u>Stockman's Water Co., LLC v. Vaca Partners, L.P.</u>, 425 F.3d 1263, 1265 (10th Cir. 2005). As explained at the hearing held on November 10, 2016, the court's decisions as to plaintiffs' claims against all defendants but Ms. Kramer are final. The claims against the other defendants were either dismissed or summary judgment was entered in their favor and against plaintiffs.

Plaintiffs' claim against Ms. Kramer is stayed in bankruptcy and may remain stayed for the foreseeable future. However, that claim is a state law negligence/wrongful death claim, which is separable from the others which have been adjudicated. *See id.* The claims plaintiffs seek to appeal are substantive due process claims under the Fourteenth Amendment, a Fourth Amendment wrongful seizure claim, malicious prosecution claims under § 1983 and state law, and claims based on violations of Art. 2, § 30 of the Oklahoma

Constitution.[1] The factual bases for these claims are distinct from the factual basis for plaintiffs' negligence/wrongful death claim against Ms. Kramer. Even if there was a subsequent appeal from plaintiffs' claim against Ms. Kramer, "no appellate court would have to decide the same issues more than once." Stockman's Water, 425 F.3d at 1265.

In light of the uncertainty as to when the bankruptcy stay against Ms. Kramer will be lifted and, recognizing the possibility that plaintiffs' claim against Ms. Kramer may be discharged in bankruptcy, the court concludes that the inequities that could result from delaying plaintiffs' appeal weigh against Rule 54(b)'s policy of preventing piecemeal appeals. It therefore determines that there is no just reason for delay and that final judgment in favor of defendants Julie Whitaker and Tamara Washington and against plaintiffs Zane and Leah Hedger should be entered. Fed.R.Civ.P. 54(b).

**IT IS SO ORDERED.**

Dated this 14th day of Nov., 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[1] *Plaintiffs also challenge the court's rulings regarding what claim they pleaded in their second amended complaint (negligence or an intentional tort) and whether leave to amend should have been granted. Those issues would not recur in a second appeal.*

2